# LAW OFFICE OF THOMAS R. ASHLEY
ROBERT TREAT CENTER
50 PARK PLACE, SUITE 1400
NEWARK, NEW JERSEY 07102
TEL: (973) 623-0501
FAX: (973) 623-0329

February 21, 2008

Honorable Katharine S. Hayden, U.S.D.J.
United States Post Office and Courthouse
United States District Court
50 Walnut Street, Courtroom 5
Newark, New Jersey 07101-0999

Re: <u>United States v. Rasheem Small, et al.</u>
   Criminal No.: 08-09 (KSH)

Dear Judge Hayden:

   Please accept this letter in lieu of a more formal submission as an addendum to my February 19, 2008 letter I sent to Your Honor in support of defendant Rasheem Small's application for bail pursuant to the Bail Reform Act, 18 U.S.C. § 3142 et seq. In that letter, I mistakenly referenced that Mr. Small did not possess a prior criminal record. Mr. Small, however, readily acknowledges that he does have prior felony convictions.

   On September 20, 1996, after pleading guilty, Mr. Small was sentenced for possession of CDS on school property, a third-degree offense in violation of 2C:35-7, aggravated assault, a second-degree offense in violation of 2C:12-1.b(1), attempt to elude police, a second-degree offense in violation of 2C:29-2b, robbery, a first- or second-degree offense in violation of 2C:15-1, and possession of firearm, a second-degree offense in violation of 2C:39-4a. Significantly, the five convictions stem from three separate arrest dates spanning several months in 1995, when Mr. Small was barely

eighteen years old.  Mr. Small was released in 2001 after serving five years in state custody.  Since then, he has remained offense free.  In fact, for the past seven years, as evidenced by the many character letters submitted with his initial bail package, Mr. Small has become a productive and respected member of the community.

The government intends to seek career-offender status based on Mr. Small's prior convictions.  If convicted Mr. Small faces a substantial Guideline sentence, and his potential exposure if determined to be a career offender is negligible.  Notwithstanding his potential exposure, as discussed in my February 19, 2008 submission to Your Honor, Mr. Small's roots are so firmly embedded in the Newark community, that he neither poses a threat to the community nor a significant flight risk.  *See, The Bail Reform Act*, 18 U.S.C. § 3142(g).

For the reasons contained herein and in my February 19, 2008 submission and the argument to be made by defense counsel at the detention hearing, this Court respectfully should set bail with the proposed combination of conditions for Mr. Small's release pending trial.

Respectfully submitted,

Thomas R. Ashley

Cc:    Robert L. Frazer, AUSA
       Mertice Evans, Pretrial Officer

2